

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE | § § § |
| HRD CORPORATION, | § CASE NO. 13-36238-H5-7 |
| Debtor, | § § § § |

## ORDER

Before the Court is "Jackson Walker L.L.P.'s Expedited Supplemental Final Fee Application for the Payment of Compensation and Reimbursement of Expenses for the Post-confirmation Period of September 26, 2014, Through March 31, 2016" (Docket No. 423). In the application, Jackson Walker, L.L.P. ("JW") seeks allowance of $886,102.50 in fees and $33,832.94 in expenses. Dow and the Chapter 7 Trustee assert that the application is barred by the Chapter 11 plan and the order confirming the plan, and that the services failed to provide a benefit to the bankruptcy estate. The Court allows a Chapter 7 administrative expense of $8,556.50. The remainder is denied.

I. The Case in Chapter 11

HRD Corporation ("Debtor") filed a Chapter 11 petition on October 2, 2013. Debtor operated a business buying and selling polyethylene wax for use in glue products. Debtor filed the case after Dow Chemical of Canada ("Dow") obtained a judgment in Pennsylvania against Debtor for approximately $37 million. Debtor appealed the judgment to the Third Circuit.

P:\hrd.20180329.wpd

On May 19, 2014, Debtor filed an adversary proceeding against Dow asserting claims based on a joint development agreement. (Docket No. 1, Adv. No. 14-3194). The District Court withdrew the reference as to the adversary proceeding. (Docket No. 33, Adv. No. 14-3194). The adversary proceeding remains pending in the United States District Court for the Southern District of Texas in C.A. No. 4:13-cv-3596.

Debtor filed its second amended plan on September 2, 2014. The plan provided for Debtor to make payments into an escrow account for Dow's Class 6 claim while Debtor's appeal of Dow's judgment remained pending. The plan contained a cross-default provision under which a default in payment of the Class 4 claim of Dr. Ebrahim Bagherzadeh would result in a default in payment of the Class 6 claim. (Docket No. 231).

The plan provides with respect to professional fee claims:

7.3.2 Debtor's Professionals

Upon the Effective Date, the Debtor's Professionals and agents shall be released from any further duties and responsibilities in the Bankruptcy Cases and under the Bankruptcy Code, except with respect to any: (i) obligations arising under confidentiality agreements, joint interest agreements, and protective orders entered during the Bankruptcy Cases, which shall remain in full force and effect according to their terms; (ii) applications for and/or objections to their Fee Claims; and (iii) motions or other actions seeking enforcement or implementation of the provisions of this Plan or the Confirmation Order. The Professionals retained by the Debtor shall not be entitled to compensation and reimbursement of expenses for services rendered in that capacity after the Effective Date, except for services rendered in connection with fee applications pending on the Effective Date or filed after the Effective Date.

(Docket No. 231).

The Court confirmed the plan by order entered September 3, 2014. The confirmation order provides in part:

As of the Effective Date, and except as otherwise expressly provided in this Order and the Plan, title to the Debtor's Assets shall be vested in the Reorganized Debtor free and clear of all Liens, Claims, and Equity Interests in accordance with § 1141 of the Bankruptcy Code, with any prohibitions upon such transfer being null and void.

* * *

J. Bar Date for the Filing and Assertion of Administrative Expense Claims, Including Professional Fee Claims but Excluding Ordinary Course Administrative Claims.

The Administrative Claims Bar Date shall be no later than thirty (30) days after the Confirmation Date. Requests for payment of Administrative Claims included within a proof of claim are of no force and effect, and are disallowed in their entirety. Except for Professional Persons approved by the Bankruptcy Court under § 327, any holder of a claim under §§ 503 and/or 507 that fails to file their claim(s) on or before the Administrative Claims Bar Date shall be forever barred from asserting the claim(s) against the Debtor or its estate, and the Debtor and its estate shall be forever discharged from any and all indebtedness or liability with respect to the claim.

All Professionals requesting compensation or reimbursement of expenses pursuant to §§ 327, 328, 330, 331, and 503(b)(4) of the Bankruptcy Code for services rendered before the Effective Date (including, without limitation, any compensation requested by any professional or any other entity for making a substantial contribution in the Debtor's Bankruptcy Case) shall file and serve on the Reorganized Debtor and the U.S. Trustee an application for allowance of compensation and reimbursement of expenses no later than thirty (30) days after the Confmnation Date. Objections to any Professional application for compensation or reimbursement of expenses must be filed and served on the Reorganized Debtor and the Professional(s) to whose application(s) the objections are addressed no later than (75) days after the Confirmation Date. Any fees of Professionals and reimbursements or expenses incurred by the Debtor subsequent to the Effective Date may not be paid without application to the Bankruptcy Court.

* * *

The Debtor shall file on the docket of the Bankruptcy Cases and send a notice of confirmation, notice of the administrative bar date for Professional Claims and the bar date for claims relating to contracts and leases rejected under the Plan to all creditors no later than ten ( 10) days after the Confirmation Date.

* * *

L. Nonoccurrence of Effective Date.

In the event that the Effective Date does not occur, then (i) the Plan; (ii) the assumption or rejection of executory contracts or unexpired leases pursuant to the Plan; (iii) any document or agreement executed pursuant to the Plan, (iv) any actions, releases, waivers or injunctions authorized by this Confirmation Order; and (v) this Confirmation Order shall be deemed null and void. In such event, nothing herein or in the Plan or acts taken in connection therewith shall be deemed to prejudice in any manner the rights of the Debtor or any party in interest in further proceedings or to constitute an admission, finding of fact, conclusion of law, res judicata or collateral estoppel of any nature.

(Docket No. 233).

On September 5, 2014, Debtor filed the notice of confirmation required under the confirmation order. (Docket No. 234). On September 26, 2014, Debtor filed a notice indicating the Effective Date of the Plan occurred on September 25, 2014. (Docket No. 242).

JW served as the Debtor in Possession's counsel during the Chapter 11 case. JW filed a final fee application on October 3, 2014. (Docket No. 249). The Court granted JW's fee application, allowing a total of $751,730.44 in fees and expenses. (Docket No. 274).

II. Default and Conversion to Chapter 7

On September 14, 2015, Dow moved to compel the Reorganized Debtor to make the payments due under the Plan. On February 16, 2016, the Court entered an agreed order providing that Dow would withdraw the motion in light of a term sheet providing for an interim forbearance. (Docket No. 318). Dow gave notice of default on March 8, 2016. (Docket No. 321). Dow moved to convert the case to Chapter 7 on March 24, 2016. (Docket No. 322). The District Court stayed the Dow litigation on March 31, 2016 because of the pending motion to

convert. (Docket No. 86, C.A. No. 4:13-cv-3596). This Court converted the case to Chapter 7 on June 1, 2016. (Docket No. 336). Randy W. Williams is the Chapter 7 Trustee.

### III. Denial of Fees

In this application JW seeks allowance of $886,102.50 in fees and $33,832.94 in expenses for the period from September 26, 2014 through March 31, 2016. JW asserts fees of $36,275.50 for handling day-to-day administrative tasks, $7,481.00 for sale efforts, and $842,346.00 for the Dow litigation.

Section 503(b)(2) grants administrative expense priority to compensation and reimbursement awarded under Section 330(a). Section 330(a) provides that the Court may award compensation and reimbursement to professionals employed under Section 327(a). Section 327(a) allows the trustee to employ professionals. Section 1107(a) allows a Chapter 11 debtor in possession to exercise the power of a trustee to employ professionals.

JW cites *Cunningham v. Healthco, Inc.*, 824 F.2d 1448 (5th Cir. 1987) for the proposition that a post-confirmation debtor may be a debtor in possession. In *Cunningham*, the plan provided that the debtor "must relinquish to the plan's disbursing agent half of the cash recovery from" the Healthco litigation. 824 F.2d, at 1460. The Fifth Circuit held (in the context of determining whether tolling applied to the Healthco litigation under Section 108) that the debtor was still a debtor in possession, because the plan did not fully vest the debtor with title to its causes of action. The Fifth Circuit cited Section 1141(b), which provides: "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."

The rule in *Cunningham* does not support JW's position in this case. Unlike in *Cunningham*, the plan in this case expressly vests all the property of the estate in the Reorganized Debtor on the Effective Date. Section 1141(a) provides that the provisions of a confirmed plan bind the debtor and any creditor. The confirmed plan in this case expressly released JW from any further obligations as counsel to the Debtor in Possession and required the filing of final fee applications within a limited period of time. JW timely filed its final fee application and its fees were allowed. This supplemental application does not cover services for the Debtor in Possession, and thus are not allowed under Sections 330(a) and 503(b)(2).

Alternatively, the fees may be allowed under Section 503(b)(1), if they represent the actual, necessary costs and expenses of preserving the estate. Patricia Tomasco testified JW's services in the administrative tasks category included the preparation of Debtor's quarterly reports, asset monetization, negotiation of a forbearance agreement with Dr. Bagherzadeh, and negotiation regarding Debtor's ad valorem taxes. The only services in this category of benefit to the bankruptcy estate were those related to the sale of the MOI plant. The fees for those services total $1,075.50. The entirety of JW's services in the sale category appear to relate to the sale ofTo the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such. the MOI plant. The fees for those services total $7,481.00.

JW seeks allowance of $842,346.00 for the Dow litigation. Williams testified Dow is the largest creditor of the estate and holds over 95 percent of the unsecured claims. He testified he determined that the Dow litigation should be abandoned because of the cost of litigation and the damage model presented by Debtor's principals. The services in the category for the Dow

P:\hrd.20180329.wpd                     6

litigation were not to preserve the bankruptcy estate. The Court disallows an administrative expense for these fees.

        Signed at Houston, Texas on March 29, 2018.

                                            KAREN K. BROWN
                                            UNITED STATES BANKRUPTCY JUDGE